**The relief described hereinbelow is SO ORDERED.**

**SIGNED this 9th day of June, 2016.**



_____
Robert D. Berger
United States Bankruptcy Judge
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

**In re:**

| | |
|---|---|
| **MORRIS FLOMO ZUO,** | **Case No. 15-22656** |
| Debtor. | Chapter 13 |

| | |
|---|---|
| **STATE OF KANSAS DEPARTMENT OF LABOR,** | |
| Plaintiff, | |
| v. | **Adversary No. 16-06031** |
| **MORRIS FLOMO ZUO,** | |
| Defendant. | |

### MEMORANDUM OPINION AND ORDER
### GRANTING DEFENDANT'S MOTION TO DISMISS

Defendant moves to dismiss the instant proceeding under Fed. R. Bank. P. 7012[1] and Fed. R. Civ. P. 12(b)(6).[2] The parties appear by counsel.[3] The Court grants Defendant's motion because Plaintiff's complaint was not timely filed under Bankruptcy Rule 4007(c).

---

[1] Hereinafter, Fed. R. Bankr. P. is referred to as Bankruptcy Rule.
[2] Doc. 10, Case No. 16-06031.
[3] Plaintiff, State of Kansas Department of Labor, appears by its attorney, Thomas Britt Nichols, Topeka, KS. Defendant, Morris Flomo Zuo, appears by his attorney, Nancy L. Skinner, Lenexa, KS.

16.06.08 Zuo Order Granting MTD

## VENUE AND JURISDICTION

This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b) and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by 28 U.S.C. § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013.[4] Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). The parties do not object to venue or jurisdiction.

## BACKGROUND

Morris Flomo Zuo (Defendant) filed a voluntary Chapter 13 petition for relief on December 28, 2015.[5] Defendant's 11 U.S.C. § 341[6] meeting of creditors was held and concluded on January 27, 2016.[7]

On March 29, 2016, the Kansas Department of Labor (Plaintiff) filed a complaint under §§ 523(a)(2), (c)(1), and 1328 seeking nondischargeability of its claim against Defendant for fraudulently receiving unemployment benefit overpayments.[8]

On April 29, 2016, Defendant filed a motion to dismiss the instant proceeding with prejudice under Fed. R. Civ. P. 12(b)(6) and Bankruptcy Rule 7012.[9] Defendant asserts Plaintiff's complaint was not timely filed under Bankruptcy Rule 4007 and that Plaintiff never requested an extension.[10] Plaintiff did not file a response to Debtor's motion to dismiss.

---

[4] D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure at 168 (March 2016).
[5] Doc. 1, Case No. 15-22656.
[6] All future statutory references are to the Bankruptcy Code (Code), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), 11 U.S.C. §§ 101–1532, unless otherwise specifically noted.
[7] Docket Entry 13, Case No. 15-22656.
[8] Doc. 1, Case No. 16-06031.
[9] Doc. 10, Case No. 16-06031.
[10] *Id.* at 1 ¶ 3–4.

16.06.08 Zuo Order Granting MTD     2

## ANALYSIS

In bankruptcy proceedings, Bankruptcy Rule 4007(a) allows a creditor to commence an adversary proceeding by "fil[ing] a complaint to obtain a determination of the dischargeability of any debt."[11]  A complaint is the essential element that commences a civil action.[12]  Bankruptcy Rule 4007(c) specifies the time for filing complaints under § 523(c) in Chapter 13 cases.  That rule provides in pertinent part as follows:

> [A] complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). . . . On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. *The motion shall be filed before the time has expired*.[13]

Further, Bankruptcy Rule 9006(a)(1) provides the following rule for computing time periods stated in days.

> When the period is stated in days or a longer unit of time:
>     (A) exclude the day of the event that triggers the time period;
>     (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
>     (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Thus, Plaintiff's deadline to file a complaint to challenge the dischargeability of certain debts under § 523(a)(2) was March 28, 2016, because Defendant's § 341 meeting of creditors was scheduled for January 27, 2016.[14]  Plaintiff filed its § 523 complaint one day late on March 29, 2016.

Bankruptcy Rule 4007(c)'s strict deadlines to dispute the dischargeability of certain debts may only be extended for cause, after a hearing, if a motion is filed before the deadline expires.[15]

---

[11] Fed. R. Bankr. P. 4007(a).
[12] Fed. R. Civ. P. 3 made applicable to adversary proceedings by Fed. R. Bankr. P. 7003.
[13] Fed. R. Bankr. P. 4007(c) (emphasis added).
[14] Doc. 6, at 2 ¶ 7–8, Case No. 15-22656. *See also* 11 U.S.C 4007(c).
[15] *See In re* Yohler, 127 B.R. 492, 493 (Bankr. S.D. Fla. 1991) (citing Byrd v. Alton, 837 F.2d 457, 459 (11th Cir. 1988) ("There is [generally] no discretion to allow a late-filed complaint unless a motion to extend the deadline has

This deadline is strictly enforced. In *In re Nondorf*, a Kansas Bankruptcy Court dismissed a § 523 complaint filed *four minutes late*.[16] Here, Plaintiff did not request additional time beyond the March 28, 2016, deadline.

## CONCLUSION

Plaintiff filed its complaint one day late in violation of Bankruptcy Rule 4007(c) and did not present any argument as to why Defendant's motion to dismiss should not be granted.

**IT IS ORDERED** that Defendant's motion to dismiss is granted because Plaintiff's complaint was not timely filed under Fed. R. Bankr. P. 4007(c). Accordingly, this proceeding is dismissed.

**IT IS SO ORDERED.**

###

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS

---

been filed prior to the expiration of the specified time period."). *See also* Neeley v. Murchison, 815 F.2d 345 (5th Cir. 1987); Loma Linda Univ. Med. Ctr. v. Neese (*In re* Neese), 87 B.R. 609 (B.A.P. 9th Cir. 1988); Garza v. Remund (*In re* Remund), 109 B.R. 492 (Bankr. M.D. Fla. 1990); *In re* Cintron, 101 B.R. 785 (Bankr. M.D. Fla. 1989)).

[16] Yarnevich & Williamson, Chtd. v. Nondorf (*In re* Nondorf), 2008 WL 544502 (Bankr. D. Kan. Feb. 27, 2008).